UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KARLA AYDEE ERIVEZ MONTES and
SAUL MONTES PORTILLO,

    Plaintiffs,

v.                                                                                       Civ. No. 23-740 SCY/LF

ATHENE ANNUITY AND LIFE COMPANY
and ATHENE LIFE INSURANCE COMPANY
OF NEW YORK,

    Defendants.

## ORDER TO AMEND

This matter comes before the Court *sua sponte* to determine whether the Court has subject matter jurisdiction. Whether the jurisdictional amount required by 28 U.S.C. § 1332(a) is in controversy is unclear. The complaint, filed directly in federal court, does not recite a statutory basis for federal jurisdiction. Doc. 1. The causes of action are Breach of Covenant of Good Faith and Fair Dealing and Breach of Unfair Claims Practices. Doc. 1 at 2-3. Because these are state-law causes of action, the Court assumes jurisdiction is based on diversity of citizenship.

Plaintiffs are citizens of Mexico. Doc. 1 ¶ 1. Defendant Athene Annuity & Life Company is an Iowa corporation with its principal place of business in Iowa. Doc. 6 ¶ 6. Defendant Athene Life Insurance Company of New York is a New York corporation with its principal place of business in New York. Doc. 6 ¶ 8. The complaint states that Defendants administer a structured settlement under which Plaintiffs are to receive monthly annuity checks. Doc. 1 ¶ 3. Unfortunately, because Plaintiffs are Mexican citizens, the parties are having difficulties working out a payment plan and the Plaintiffs are no longer receiving consistent and reliable checks to their accounts. Doc. 1 ¶ 6. The complaint does not include a computation of alleged damages, nor does it allege that greater than $75,000 is at stake.

Federal courts have "original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between . . . citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a), (a)(2). "[S]ubject-matter jurisdiction is a constitutional prerequisite to hearing a case and because it involves a court's power to hear a case, can never be forfeited or waived." *Gad v. Kansas State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015) (quotation marks omitted). The federal courts "always have an independent obligation—no matter the stage of litigation—to consider whether a case creates a live case or controversy and belongs in federal court." *Id.* "A federal court's jurisdiction must clearly appear from the face of a complaint . . . ." *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972).

Subject matter jurisdiction based on diversity of citizenship exists only if the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008). If the amount-in-controversy allegation is "not contested by the plaintiff or questioned by the court," then the allegation should be accepted. *Dart Cherokee Basin Operations Co. v. Owens*, 574 U.S. 81, 87 (2014). "In a diversity action originally filed in federal court, the court may dismiss the action for failure to meet the amount in controversy requirement only if it 'appears to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Varela v. Wal-Mart Stores, E., Inc.*, 86 F. Supp. 2d 1109, 1111 (D.N.M. 2000) (alteration omitted) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). While "the legal certainty standard is very strict," and "[t]here is a strong presumption favoring the amount alleged by the plaintiff," *Woodmen of World Life Ins. Society v. Manganaro*, 342 F.3d 1213, 1216 (10th Cir. 2003), here Plaintiffs have simply not alleged that the amount in controversy is met.

**IT IS HEREBY ORDERED** that Plaintiffs amend their Complaint to properly allege facts sufficient for diversity jurisdiction, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than January 12, 2024.

**IT IS FURTHER ORDERED** that if such an amended complaint is not filed by January 14, 2024, the Court may dismiss this action without prejudice.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE